**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5665-18

ESTATE OF AUSTIN J.
PISANO, by his
Administratrix ad
Prosequendum, JENNIE
PISANO,

      Plaintiff-Appellant,

v.

RUTGERS, THE STATE
UNIVERSITY, THE STATE
OF NEW JERSEY, ROBERT
WOOD JOHNSON HOSPITAL,
COMMUNITY MEDICAL
CENTER, RUTGERS
BIOMEDICAL AND HEALTH
SCIENCES, and DR. MELISSA
M. THOMPSON, M.D.,

      Defendant-Respondent.

_____

Submitted March 10, 2021 – Decided April 9, 2021

Before Judges Whipple, Rose, and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-3645-19.

Shebell & Shebell, LLC, attorneys for appellant (Thomas F. Shebell, III, of counsel; Christian R. Mastondrea, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondents Rutgers, The State University, Rutgers Biomedical and Health Sciences, and the State of New Jersey (Melissa H. Raksa, Assistant Attorney General, of counsel; Meliha Arnautovic, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff, Jennie Pisano, the Administratrix Ad Prosequendum for the estate of her late twenty-year-old son Austin J. Pisano, appeals a June 27, 2019 order denying her motion to file a late notice of claim against defendants, Rutgers, The State University, Rutgers Biomedical and Health Sciences, the State of New Jersey, and Robert Wood Johnson University Hospital (RWJ),[1] public entities, pursuant to the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 13-10. We affirm.[2]

---

[1] RWJ was originally part of the University of Medicine and Dentistry of New Jersey (UMDNJ). Effective July 1, 2013, pursuant to "The New Jersey Medical and Health Sciences Education Restructuring Act," N.J.S.A. 18A:64M-1 to -43, UMDNJ, including RWJ, was transferred to Rutgers, The State University of New Jersey.

[2] The record does not reveal whether defendant Melissa M. Thompson, M.D. participated in the trial court proceedings.

A-5665-18

I.

The following facts are derived from the motion record. On December 8, 2018, plaintiff's decedent suffered a stroke and was treated at Community Medical Center. Three days later, decedent was transferred to RWJ and underwent a valve replacement surgery. During these hospitalizations, tests were administered to decedent to determine the underlying cause of his stroke. On December 20, 2018, he was diagnosed with candidis endocarditis. Decedent remained hospitalized at RWJ because he "developed bleeding" and died on January 25, 2019. Plaintiff was asked if she wanted an autopsy performed, and her sister responded "yes." Decedent's autopsy report indicated, "the [o]verall cause of death in this case was due to complications of candidis endocarditis related to previous intravenous drug use, chronic Hepatitis C viral infection and subsequent septic emboli."

In her moving certification, plaintiff stated she "was present at the time of his death," which was "unexpected." Plaintiff certified decedent "asked [her] to get help as he turned red," and she witnessed the "[c]ode team work on him for about [forty-five] minutes without success." Plaintiff indicated she was "in a state of shock" after her son's passing and that she had a difficult time "mourning

3

A-5665-18

from his loss." According to her certification, plaintiff claimed "[n]o one could offer [her] an explanation as to what had occurred," and she has no "medical" or "legal" training. In addition, plaintiff had no knowledge as to who was present when her son passed "or who exactly had been providing care in the last few weeks" prior to his death.

After his passing, plaintiff certified she "had to come to grips with the reality that my son would not be coming home." According to plaintiff, she was never informed that any of the healthcare providers attending to her son were State employees, and they were not chosen by him or his family. The hospital consent forms were signed by decedent and not plaintiff.

Plaintiff did not consult with an attorney within ninety days of her son's death. The TCA notice was due on April 25, 2019. On May 1, 2019, plaintiff's counsel filed a notice of claim with defendants Rutgers Biomedical and Health Sciences and the State of New Jersey. On May 9, 2019, plaintiff moved for leave to file a late notice of claim.

The trial court denied the motion because plaintiff did not establish extraordinary circumstances that prevented her from filing a timely notice. In its oral decision following argument, the court stated the "[ninety]-day requirement can be excused under very limited conditions" and extraordinary

A-5665-18

circumstances is a "very strict standard." Citing N.J.S.A. 59:8-9, the court highlighted how the Legislature chose to "raise the bar" "from what was previously a fairly permissive standard to a more demanding one." Plaintiff moved for reconsideration, which was denied. This appeal followed.

On appeal, plaintiff contends the trial court erred in denying her late notice of claim because she had no knowledge that State employees cared for her son.

## II.

"Pursuant to the express terms of the [TCA], we review a trial court's application of the extraordinary circumstances exception for abuse of discretion." O'Donnell v. N.J. Tpk. Auth., 236 N.J. 335, 344 (2019) (citing D.D. v. Univ. of Medicine & Dentistry of N.J., 213 N.J. 130, 147 (2013)); accord N.J.S.A. 59:8-9 (assigning the determination as to whether late notice may be filed to "the discretion of a judge of the Superior Court"). "Generally, we examine 'more carefully cases in which permission to file a late claim has been denied than those in which it has been granted, to the end that wherever possible cases may be heard on their merits. . . .'" Lowe v. Zarghami, 158 N.J. 606, 629 (1999) (quoting Feinberg v. DEP, 137 N.J. 126, 134 (1994)). Therefore, "any doubts" as to whether extraordinary circumstances exist "should be resolved in favor of the application." Ibid. (quoting Feinberg, 137 N.J. at 134).

A-5665-18

The TCA "imposes strict requirements upon litigants seeking to file claims against public entities." McDade v. Siazon, 208 N.J. 463, 468 (2011). Chapter eight of the TCA provides that "no action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented" to the appropriate public entity in a written notice of claim. N.J.S.A. 59:8-3; see N.J.S.A. 59:8-4 to -7. "A claim relating to a cause of action for death or for injury or damage to person or to property shall be presented as provided in this chapter not later than the 90th day after accrual of the cause of action." N.J.S.A. 59:8-8. However, "the notice provisions of the [TCA] were not intended as a 'trap for the unwary.'" Lowe, 158 N.J. at 629 (citation omitted). Thus, the Legislature provided:

> A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the Superior Court, be permitted to file such notice . . . within one year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim within the period of time prescribed by section 59:8-8 of this act or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter[.]

[N.J.S.A. 59:8-9 (emphasis added).]

Thus, if a claimant seeks to present a late notice of claim pursuant to the TCA, "the grant or denial of remedial relief is 'left to the sound discretion of the trial court, and will be sustained on appeal in the absence of a showing of an abuse thereof.'" McDade, 208 N.J. at 476-77 (citation omitted).  We must adhere to this standard of review.

"In determining whether a notice of claim under N.J.S.A. 59:8-8 has been timely filed, a sequential analysis must be undertaken."  Beauchamp v. Amedio, 164 N.J. 111, 118 (2000).

> The first task is to determine when the claim accrued. The discovery rule is part and parcel of such an inquiry because it can toll the date of accrual. Once the date of accrual is ascertained, the next task is to determine whether a notice of claim was filed within ninety days. If not, the third task is to decide whether extraordinary circumstances exist justifying a late notice.
>
> [Id. at 118-19.]

Typically, a claim accrues at the time of injury or, as in this case, death. "In the context of a medical malpractice action, a cause of action generally accrues on the date that the alleged act or omission occurred."  Baird v. Am. Med. Optics, 155 N.J. 54, 65 (1998).  See also Beauchamp, 164 N.J. at 117

7

(stating that a claim accrues on the "date of the incident on which the negligent act or omission took place").

However, the discovery rule applies when "the victim either is unaware that he has been injured or, although aware of the injury, does not know that a third party is responsible." Beauchamp, 164 N.J. at 117. The discovery rule delays the accrual of a claim until "the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim." McDade, 208 N.J. at 478-79 (quoting Lopez v. Swyer, 62 N.J. 267, 272 (1973)).

Under the discovery rule, we have previously described the accrual date as the time which an injured party had "both of the two pieces of information that are key to the discovery rule, namely an injury and 'facts suggesting that a third party may be responsible.'" Maher v. County of Mercer, 384 N.J. Super. 182, 188 (2006) (quoting Ayers v. Jackson Twp., 106 N.J. 557, 582 (1987)). In Maher, we noted that: "In reaching this conclusion, we reject the suggestion that, for accrual purposes, plaintiff did not have the requisite information within the contemplation of the discovery rule until she received the May 14, 2004 opinion letter from her treating physician." Ibid. See also Baird, 155 N.J. at 68; Burd v. N.J. Tel. Co., 76 N.J. 284, 291-92 (1978).

Here, plaintiff asserts her state of grief over the loss of her son was an extraordinary circumstance. She also asserts the date of accrual was the date she received the autopsy report and not the date of decedent's death. According to plaintiff, it is self-evident that the grief she experienced was paralyzing and no additional proof is necessary to demonstrate why she did not file a timely notice of claim. However, plaintiff's certification makes no mention of being incapacitated due to grief—she did not provide a formal diagnosis or an expert opinion to explain the impact her son's death had on her. Documents in the record also reveal decedent was given written notice of the possible involvement of public entities and/or public employees relative to his care. We reject plaintiff's novel argument that she could not be imputed with knowledge of the information contained in the documents signed by decedent.

The TCA does not define extraordinary circumstances, and our Court stated it should be determined on a case-by-case basis. See D.D., 213 N.J. at 148. Generally, severe, debilitating, or uncommon medical conditions may exceed the extraordinary circumstances hurdle. Compare Maher, 384 N.J. Super. at 189-90 (finding extraordinary circumstances shown by a plaintiff who developed a staph infection and was placed in a medically induced coma), with D.D., 213 N.J. at 150 (stating a plaintiff's diagnosis of stress, anxiety, and

A-5665-18

hypertension was considered insufficient to excuse an untimely filing). A plaintiff must put forth documentary or other evidence explaining why their circumstances were extraordinary. See, e.g., R.L. v. State-Operated Sch. Dist., 387 N.J. Super. 331, 340-41 (App. Div. 2016) (concluding extraordinary circumstances existed after plaintiff explained the trauma his HIV diagnosis caused); Maher, 384 N.J. Super. at 188 (noting the plaintiff presented a physician opinion letter and physician's oral statement).

In D.D., the plaintiff was "in absolute shock" after a university publicly disclosed her private medical information. D.D., 213 N.J. at 137. She experienced stress and anxiety, which required medical attention. Id. at 138-39. The trial court permitted her to file a late notice of claim based on two certifications attesting to the emotional and psychological difficulties she was experiencing, the effect on her personal and professional life, as well as a doctor's note attesting to the symptoms. Id. at 139. The Court reversed, explaining the plaintiff's offer of proof amounted to "vaguely described complaints of stress and emotional strain," and the doctor's note did not explain how severe the symptoms were. Id. at 150-51. Allowing an exception based on limited proof, the Court explained, would contravene the Legislature's intent to

heighten the level of proof needed to justify excusing a late filing. Id. at 148, 151.

In the matter under review, the trial court properly noted that plaintiff grieved and made funeral arrangements for her son, but there were no extraordinary circumstances shown to prevent plaintiff from filing a timely notice of claim. The trial court was correct in its analysis. We reject plaintiff's contention that the accrual date should be deemed the date she received the autopsy report. The cause of action accrued on January 25, 2019, decedent's date of death, consonant with the governing law and was not tolled until release of the autopsy report.

Given plaintiff's insufficient justification for her delay in seeking counsel, we conclude she did not make a prima facie showing of extraordinary circumstances under N.J.S.A. 59:8-9. Thus, we find the trial court did not abuse its discretion in declining to grant plaintiff permission to file a late notice of claim under N.J.S.A. 59:8-9, or in denying reconsideration.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5665-18